**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 05-4864**

─────────

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

ANTHONY LAVENIA,

                                    Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.  (CR-05-370)

─────────

Submitted: April 27, 2006                    Decided: May 1, 2006

─────────

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Langdon D. Long, Assistant Federal Public Defender, Columbia, South
Carolina, for Appellant.  Robert Claude Jendron, Jr., Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Anthony Lavenia appeals from his 41-month sentence imposed following his guilty plea to making a false statement to acquire a firearm, in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2) (2000). Lavenia's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but addressing the validity of Lavenia's plea and sentence. Lavenia was informed of his right to file a pro se supplemental brief, but he has not done so. Because our review of the record discloses no reversible error, we affirm.

We find that Lavenia's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Lavenia was properly advised of his rights, the offense charged, and the maximum sentence for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

We find that the district court properly applied the Sentencing Guidelines and considered the relevant sentencing factors before imposing the 41-month sentence. 18 U.S.C.A. § 3553(a) (West Supp. 2005); see United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Additionally, we find that the

sentence imposed was reasonable.  See <u>United States v. Green</u>, 436 F.3d 449,  457 (4th Cir. 2006) ("[A] sentence imposed within the properly calculated [g]uidelines range . . . is presumptively reasonable.") (internal quotation marks and citation omitted). Accordingly, we affirm Lavenia's sentence.

As required by <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore affirm Lavenia's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>